```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
TRUSTEES OF THE NORTH ATLANTIC
STATES CARPENTERS HEALTH,
PENSION, ANNUITY, APPRENTICESHIP            MEMORANDUM & ORDER
and LABOR MANAGEMENT COOPERATION            24-CV-6564 (JS)(JMW)
FUNDS,

                Petitioners,

     -against-

BP INTERIORS, CORP. a/k/a BP
INTERIORS,

                Respondent.
---------------------------------X
APPEARANCES

For Plaintiff:      Maura S. Moosnick, Esq.
                    Virginia & Ambinder LLP
                    40 Broad Street, 7th Floor
                    New York, New York 10004

For Respondent:     Unrepresented.
```

SEYBERT, District Judge:

Presently before the Court is Petitioners', Trustees of North Atlantic States Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds (hereafter, "Petitioners" or the "Funds"): (1) Verified Petition to Confirm an Arbitration Award (hereafter, the "Petition") (ECF No. 1); and (2) Letter Request to have the Petition deemed as an unopposed motion for summary judgement ("Letter Request") (ECF No. 10). For the reasons articulated herein, the Petition and Letter Request are GRANTED.

1

BACKGROUND

The Court presumes the parties' familiarity with the relevant facts giving rise to this Petition. For the readers' convenience, the following summary is provided.

I. Generally

Petitioners Trustees of North Atlantic States Carpenters Health, Pension, Annuity, Apprenticeship (hereafter, the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Petition ¶¶ 1, 4.) Petitioners The Labor Management Cooperation Funds (hereafter, the "Labor Management Funds") are employer and employee trustees of a labor management cooperation committee established under Section 302(c)(9) of the Labor Management Relations Act of 1947 ("LMRA"). (Id. ¶¶ 1, 5.) Respondent BP Interiors Corp. (hereafter, "Respondent") is a domestic limited liability company incorporated under the laws of the State of New York, and at all relevant times, was: (1) an employer in accordance with ERISA; (2) that, pursuant to the LMRA, operated in an industry affecting commerce. (Id. ¶6.)

II. Respondent's Obligations Giving Rise to the Subject Award

At all relevant times, Respondent was a member of the Association of Wall Ceiling & Carpentry Industries of New York,

Inc. (hereafter, the "Association"). (Id. ¶8; Ex. A attached to Petition, ECF No. 1-1.) As a member of the Association, Respondent agreed to be bound by all of the agreements entered into between the Association and the North Atlantic States Regional Council of Carpenters Local Union 290 (hereafter, the "Union"). (Petition ¶9.) One such agreement, as pertinent here, is the Collective Bargaining Agreement entered between the Association and the Union covering the period of time between May 1, 2022 and April 30, 2025 (hereafter, the "CBA"). (Id.) The CBA requires Respondent to, inter alia: (1) make contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union; and (2) be bound by various other agreements, declarations of trust, plans and/or other contracts adopted by and governed by the Funds. (Id. ¶¶10-11; see also CBA, Ex. B, attached to Petition, ECF No. 1-2, at Art. 16 § A.) One such contract to which Respondent agreed to be bound pursuant to the CBA is the Employer Contribution Audit and Collection Policy (hereafter, "Collection Policy"). (Petition ¶12; Collection Policy, Ex. C, attached to Petition, ECF No. 1-3.)

The Collection Policy permits the Funds to commence arbitration against Respondent in the event Respondent fails to remit the required contributions. (Petition ¶¶13-14; Collection Policy, Art. II, 2.3, A.) Both the CBA and the Collection Policy further permit the Funds to seek costs incurred in connection with

3

collecting delinquent contributions, including without limitation: interest; liquidated damages; attorneys' fees; and arbitration fees. (Petition ¶15; CBA, Art. 16 § B; Collection Policy, Art. I, 1.1, C (4-5) and Art. VI, 6.1-6.3.) The Collection Policy also establishes the applicable interest on delinquent contributions, and liquidated damages: delinquent contributions bear interest at the minimum rate of 0.75% per month, or 9% per year, compounded monthly; and the amount of liquidated damages is 20% of the total delinquent contributions. (Petition ¶¶16-17; Collection Policy, Art. II, 2.1, D. and Art. VI, 6.1.)

When Respondent failed to remit contributions in the amount of $14,267.35 for the payroll period covering January 2023 to March 2023, Petitioners commenced arbitration in accordance with the Collection Policy. (Petition ¶¶18-19; see also Notice of Intent to Arbitrate, Ex. D attached to Petition, ECF No. 1-4.) An arbitration hearing was conducted on June 26, 2024 before Arbitrator J.J. Pierson (hereafter, "Arbitrator"). (Arbitration Award, Ex. E, attached to Petition, ECF No. 1-5.) That same day, the Arbitrator rendered an Award in favor of Petitioners and against Respondent in the total amount of $20,620.96, which included: (1) $14,267.35 in delinquent contributions; (2) $1,750.14 in interest; (3) $2,853.47 in liquidated damages; (4) $950.00 in attorneys' fees plus 10% interest from the date of the Award; and (5) $800 for arbitrator's fees. (Id.; see also

4

Petition ¶21.) On June 27, 2024, Petitioner served Respondent with a copy of the Award and a demand for payment. (Petition ¶22; Demand Letter, Ex. F, attached to Petition, ECF No. 1-6.) To date, Respondent has not satisfied the Award. (Petition ¶¶23-24.)

### III. Procedural Background

Petitioners timely commenced this action on September 18, 2024, within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award. (Cf. Award (dated June 26, 2024), with Petition (filed Sept. 18, 2024).) In addition to the $20,620.96 Award amount, Petitioners seek, pursuant to the CBA and Collection Policy, reasonable attorneys' fees and costs expended to bring the instant Action in the amount of $1,369 along with post-judgment interest at the statutory rate. (Petition ¶26 and WHEREFORE Clause ¶¶2, 4; CBA, Art. 16 § (b); Collection Policy, Art. I, 1.1. C(4) and Art. VI, 6.2.) Petitioners also seek 10% interest on the $950 attorneys' fees granted in the Award. (Petition WHEREFORE Clause ¶2; see also Award ¶2 ("The Employer shall be liable for payment of reasonable attorneys' fee[s] incurred by the funds in this matter in the amount of $950.00 plus interest at the rate of 10% from the date of this Award on any part of the attorneys' fees awarded and ordered that is not paid within 30 days of the date of this Award".)

After promptly serving Respondent (see Summons Returned Executed, ECF No. 8), Petitioners requested their Petition "be deemed as an unopposed motion for summary judgment" (see Letter Request, ECF No. 10 and accompanying docket text). To date, Respondent has not appeared in this case. (See Case Docket, in toto.)

## DISCUSSION

I. Applicable Law

The law regarding unopposed petitions seeking confirmation of arbitration awards is well-established. As explained by Chief Judge Brodie:

> When a motion to confirm an arbitration award is accompanied by a record, the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions. Where a motion for summary judgment is unopposed, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed. In doing so, the court may rely on other evidence in the record even if uncited.
>
> Although a summary judgment standard is applied to arbitration confirmation proceedings, a federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential — indeed, among the

6

> most deferential in the law. Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected. The arbitrator's rationale for an award need not be explained, . . . only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award. Accordingly, courts play only a limited role when asked to review the decision of an arbitrator.

Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Upstate Interiors, LLC, No. 19-CV-326, 2021 WL 2576938, at *3 (E.D.N.Y. June 23, 2021) (citation modified); see also Finkel v. J&H Elec. Contracting, Inc., No. 22-CV-4293, 2023 WL 3948752, at *3 (E.D.N.Y. June 12, 2023)(articulating same standard for confirming an arbitration award); Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. W. Contractors, LLC, No. 20-CV-1574, 2024 WL 278463, at *3 (E.D.N.Y. Jan. 25, 2024) (same); Trs. of N. Atl. States Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Dame Contracting, Inc., No. 23-CV-05254, 2024 WL 2293831, at *4 (E.D.N.Y. May 21, 2024) (same).

7

II. Analysis

    A. Confirmation of the Arbitration Award

Upon review of the record presented, the Court finds confirmation of the Award is warranted. First, "[b]ecause Petitioners' motion to confirm the arbitration [A]ward is accompanied by the CBA[], the Collection Policy, the Notice of Intent to Arbitrate, and the arbitrator's [A]ward, there is sufficient record for the Court to review Petitioners' application as an unopposed motion for summary judgment." Upstate Interiors, 2021 WL 2576938, at *3 (citing Trs. of the NYC Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Bilt NYG, Inc., No. 20-CV-3846, 2020 WL 7211184, at *3 (S.D.N.Y. Nov. 19, 2020)). Second, as the Petitioners assert: (1) Respondent "agreed to be bound by" the CBA, which requires it to "make contributions to the funds"; (2) Respondent failed to make said payments in the amount of $14,267.35; (3) Petitioners timely commenced arbitration and were awarded said amount, plus, interest, liquidated damages, attorneys fees, and an arbitrator's fee; and (4) Respondent was served with the Award and demand for payment and has not paid said Award to date. (Petition, ¶¶9-10, 18, 21-23.) Moreover, the Award has not been vacated or modified. (Id. ¶24.) Upon careful review of the record, the Court agrees with Petitioners that the arbitrator's Award should be confirmed.

8

As Chief Judge Brodie found in the analogous Upstate Interiors case, here: (1) the "[A]ward has, at a minimum, 'a barely colorable justification,'" since, by not appearing at the arbitration hearing, "Respondent did not contest the amounts owed or submit evidence rebutting Petitioner's documents, and the arbitrator's decision addressed the issues presented," 2021 WL 2576938, at *4 (citations omitted); (see also Award, in toto); (2) "the CBAs and Collection Policy provide for the remedies awarded by the arbitrator," id. (citation omitted); (see also Petition, ¶¶ 8-21; Award at 1); and (3) "[t]he arbitrator's [A]ward reflects a considered judgment and there is no genuine dispute of material fact." Id. Therefore, the Court confirms the Award of $20,620.96 plus: (1) 10% interest on the attorneys' fee award of $950.00 from the date of the Award to the date of this Judgment (see Award ¶2); and (2) post-judgment interest at the statutory rate.

B. Award of Attorney's Fees and Costs

"A district court must award attorneys' fees and costs in a successful ERISA action that results in judgment in favor of the [petitioning Funds]." Upstate Interiors, 2021 WL 2576938, at *4 (citations omitted). Such fees should be "presumptively reasonable" and "[d]istrict courts have broad discretion to determine both the reasonable number of compensable hours and the reasonable hourly rate." Id.; Brady v. Wal-Mart Stores, Inc., 455

9

F. Supp. 2d 157, 203 (E.D.N.Y. 2006), aff'd, 531 F.3d 127 (2d Cir. 2008). Here, the funds seek $1,369 in attorneys' fees and costs incurred in brining this Petition. (See Petition WHEREFORE clause, ¶3.) The Court applies the firmly established analysis regarding the award of attorneys' fees and cost, as articulated by this Court in, e.g., Gesualdi v. Bestech Transportation, No. 14-CV-1110, 2022 WL 866853, at *2-3 (re: attorneys' fees), *5 (re: costs) (E.D.N.Y. Mar. 23, 2022), with which the Court assumes familiarity and which is incorporates by reference herein, to the instant requests.

    1. As to Attorneys' Fees

Petitioners seek attorneys' fees in connection with legal work performed by four individuals: Maura Moosnick ("Moosnick"), a partner at Virginia & Ambinder, LLP ("V&A"), with a billable rate of $275 per hour; Jayden N. Peters ("Peters"), an associate at V&A, with a billable rate of $275 per hour; Abigail Frankel ("Frankel"), a paralegal at V&A, with a billable rate of $120 per hour; and Christian Virginia ("Virginia"), a legal intern at V&A, with a billable rate of $120 per hour. (Petition ¶¶28-31; Billing Records, Ex. G, attached to Petition, ECF No. 1-7.) The Court, in its discretion, finds the billable rates of Moosnick, Peters and Frankel to be appropriate. See Gesualdi, 2022 WL 866853, at *3 (stating, with ample citation, partners in ERISA cases are generally awarded rates ranging from $300 to $450 per hour, associates are awarded at rates ranging from $275 to $375

10

per hour based upon experience level, and paralegals are awarded approximately $110 per hour). However, the Court finds the hourly rate of $120 ascribed to Virginia, a then-college student and legal intern, is excessive. The Court, in its discretion, therefore reduces Virginia's hourly rate to $75. See Guardado v. Precision Fin., Inc., No. 04-CV-3309, 2008 WL 822105, at *6 (E.D.N.Y. Mar. 25, 2008) (finding appropriate fee for work done by legal interns to be $75 per hour).

Upon review of the hours expended in connection with the preparation of the Petition, the Court finds the number of total hours billed, 4.8 hours, to be appropriate. Based upon the number of hours billed at the approved rates descried above, the Court hereby awards attorneys' fees in favor of Petitioners in the amount of $805.00.

2. As to Costs

Petitioners also seek to recoup their costs of $483.00, which is comprised of the Court's filing fee of $405.00, and $78.00 in costs associated with serving the instant Petition. For the reasons articulated below, Petitioners' full costs are awarded.

a. The Court's Filing Fee

"[A] court may take judicial notice of the payment of a filing fee and, therefore, award that cost." Rudler v. Houslanger & Assocs., PLLC, No. 18-CV-7068, 2020 WL 473619, at *12 (E.D.N.Y. 2020) (citing Litkofsky v. P&L Acquisitions, LLC, No. 15-CV-5429, 2016 WL 7167955, at *12 (E.D.N.Y. Aug. 19, 2016) (collecting cases)). Hence, the Court takes judicial notice that on September 18, 2024, Plaintiff paid the $405.00 filing fee when it commenced this action. (See Case Docket, Sept. 18, 2020 Docket Entry "CIVIL CASE FILING FEE: $405" (identifying receipt No. ANYEDC-18292805).) Since the Court records easily substantiate this cost, it is awarded to Petitioners.

b. The Service Fee

Generally, in the absence of adequate substantiation, a party is not entitled to recover costs. Div. 1181 Amalgamated Transit Union—N.Y. Emps. Pension Fund v. D & A Bus Co., 270 F. Supp. 3d 593, 628 (E.D.N.Y. 2017) ("[I]t is incumbent upon the party seeking reimbursement of its costs to provide the court adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid") (collecting cases). Nevertheless, "[a]lthough Petitioners do not provide receipts to substantiate their request for service fees of [$78.00], the Court finds that such amount is reasonable."

12

Upstate Interiors, 2021 WL 2576938, at *6 (collecting cases demonstrating a service fee award in the amount requested was reasonable). Therefore, Petitioners are also awarded their $78.00 cost of service.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

I. Petitioners' Petition (ECF No. 1) to confirm the Award is GRANTED in the amount of $20,620.96, plus:

   a. 10% interest on the attorneys' fee award of $950.00[1] from the date of the Award to the date of this Judgment; and

   b. post-judgment interest at the statutory rate;

II. Petitioners are also awarded $805.00 in attorneys' fees and $483.00 in costs, which were incurred in bringing this action;

III. Petitioners shall mail a copy of this Memorandum and Order to Respondent and thereafter file proof of said service; and

IV. After entry of Judgment in Petitioners' favor, the Clerk of Court is directed to close this case.

---

[1] For the avoidance of doubt, the $950.00 attorneys' fee award is already accounted for in the total Award of $20,620.96.

13

**SO ORDERED.**

Dated: July 9, 2025          /s/ JOANNA SEYBERT
Central Islip, New York      Hon. Joanna Seybert, U.S.D.J.